UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| GILES NATHAN REPLOGLE ) | |
| and BETTY CARROLL ) | Case No. 17-12183 |
| REPLOGLE ) | |
| ) | Judge Jimmy L. Croom |
| Debtors. ) | |
| ) | |

# EXPEDITED MOTION TO ENFORCE COURT'S DECEMBER 29, 2017 ORDER

On December 29, 2017, the Court entered its Order[1] granting Debtors' Motion to sell "all of the assets that relate to the operation of affiliated Debtors Replogle Hardwood Flooring Company, LLC and Replogle Enterprises, G.P."[2] The Court retained jurisdiction to enforce the terms of the Order.[3]

FHL Industries, LLC ("FHL") purchased all of the Debtors' assets that relate to the operation of the Affiliated Debtors. FHL now needs to conduct an auction of certain of those assets, and the auction is set for December 7-8, 2018. As part of the auction process, bidders from across the country will attend in person, FHL will incur tens of thousands of dollars of fees and expenses, and the auctioneer will devote resources to publishing the sale. If Debtors are permitted to disrupt the auction, it would be disastrous.

---

[1] (Docket No. 50)
[2] (Docket No. 50 at ¶ 2).
[3] (Docket No. 50 at ¶ 5).

FHL has serious concerns that Debtors will attempt to interfere with the auction process by claiming that, notwithstanding the Court's Order, they continue to own huge portions of the equipment used in the operations of the Affiliated Debtors. Debtors have already (incorrectly) taken this position, and they have tried to take back some of the equipment. Reluctantly, FHL therefore asks the Court to enforce its Order preventing Debtors from interfering with the sale, and requiring Debtors to return any equipment they improperly took. Given the imminent auction, FHL requests that the Court address this motion on an expedited basis.

## I. THE CLEAR LANGUAGE OF THE MOTION, ORDER, AND ASSET PURCHASE AGREEMENT

### A. THE MOTION

On November 10, 2017, Debtors filed their original motion to sell.[4] With regard to personal property, Debtors proposed to sell those assets "that relate to the operation of the Affiliated Debtors . . ."[5] Debtors further stated that "Debtors' assets within the scope of the motion are attached hereto as Exhibit A."[6] Exhibit A was FHL's letter of intent. As to the personal property, the letter of intent simply took Debtors' statements and schedules (which Debtors had sworn, under penalty of perjury, comprised all of their assets) and excluded

---

[4] (Docket No. 39).
[5] (Docket No. 39 at p. 2, ¶ 6).
[6] (Docket No. 39 at p. 3, ¶ 7).

only those assets that Debtors had listed under "personal assets."[7] Specifically, the letter of intent provided that FHL[8] would acquire "all personal property of Nathan and Betty Replogle, except for the property listed under 'personal assets' beginning on p. 21 of Docket No. 12 in Case No. 17-12183 (in other words, Fox would purchase all the personal property used in the operations of the business)."[9]

On December 6, 2017, Debtors amended their motion. Debtors did so for two reasons: (1) they had attached an incorrect version of the letter of intent; and (2) they proposed to lease, rather than sell, the real property.[10] Neither of these changes affected the scope of the personal property purchased. Debtors confirmed this by stating that "the amendment did not change the scope or extent of the Personalty."[11] In any event, the corrected letter of intent had the exact same language as the prior letter of intent. Specifically, FHL again relied on Debtors' statements and schedules, and again provided that FHL would purchase "[a]ll personal property of Nathan and Betty Replogle, except for the property listed under 'personal assets' beginning on p. 21 of Docket No. 12 in

---

[7] (Docket No. 39, Ex. A, ¶ 2(c)).
[8] At the time FHL was not in existence and was referred to as NEWCO 2 or Personal Property NEWCO.
[9] (Docket No. 39, Ex. A, ¶ 2(c)).
[10] (Docket No. 47 at p. 1, first paragraph).
[11] (Docket No. 50 at p. 2, ¶ B).

Case No. 17-12183 (in other words, Fox would purchase all the personal property used in the operations of the business)."[12]

## B.    THE ORDER

The Court's Order approved the sale of the Personalty, "which includes all of the assets that relate to the operation of the affiliated Debtors Replogle Hardwood Flooring Company, LLC and Replogle Enterprises, GP."[13]

## C.    THE ASSET PURCHASE AGREEMENT

Pursuant to the Order, Debtors sold all of their personal property "used in the operation of the Company Sellers, including without limitation, all personal property located at the real property to be leased or acquired by Purchaser or a related party *even if such personal property is not listed on the Exhibits.*"[14]  The asset purchase agreement goes on to provide that "[t]he Personal Property includes, but is not limited to, those items set forth on Exhibit A and Exhibit B attached hereto."[15]

## II.    DEBTORS' POSITION

Despite the fact that Debtors were required to list all of their assets, despite the fact that the Court's Order is clear, and despite the fact that the asset purchase agreement makes clear that even if an item is not listed, it was

---

[12] (Docket No. 47, Ex. A, p.1 § 1(a)(iii)).
[13] (Docket No. 50 at pp. 2-3, ¶ 2).
[14] (*See* Asset Purchase Agreement at p. 1, filed as Ex. A to Docket No. 84-1 in Case No. 17-12172 & attached hereto as **Exhibit 1**) (emphasis added).
[15] (*Id.*).

sold (so long as it was used in the business), Debtors have now taken the position that "unless its listed, its excluded."[16] Moreover, Debtors have already taken many items that were both specifically listed and items that were used in the operations of the business but not specifically listed. In light of this conduct and the forthcoming auction, FHL reluctantly seeks the Court's assistance.

### III.  NEED FOR EXPEDITED RELIEF

FHL has entered into a contract with an auctioneer to conduct an auction on December 7-8, 2018. These dates are critical as the market for lumber equipment may change dramatically, and the sale needs to be completed prior to winter fully setting in. The auctioneer has already started the publication process, and bidders are expected from across the country.

Based on Debtors' conduct and position, FHL is concerned that Debtors may attempt to interfere with the sale and that Debtors will not return any equipment/inventory or other assets they have taken. Accordingly, FHL respectfully requests that the Court enforce its Order and declare that FHL purchased all of Debtors' personal property used in the operations of the Affiliated Debtors' businesses, regardless of whether Debtors' omitted such of their property from their sworn statements and schedules. Further, FHL

---

[16] (*See* October 2, 2018 email from G. Dunham) (attached as **Exhibit 2**).

requests that the Court order Debtors to return any inventory, equipment or other personal property that was taken by Debtors from the purchased assets. Finally, FHL requests that the Court order Debtors not to interfere with the sale process, and to discontinue any use of the purchased assets.

Respectfully submitted,

/s/ Michael G. Abelow
Michael G. Abelow (No. 26710)
SHERRARD ROE VOIGT & HARBISON, PLC
150 3rd Avenue South, Suite 1100
Nashville, Tennessee  37201
Phone:  (615) 742-4200
Fax:  (615) 742-4539
mabelow@srvhlaw.com

*Counsel for FHL Industries, LLC*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of October, 2018, a true and correct copy of the foregoing Expedited Motion was served by operation of the Court's e-filing system upon all users accepting electronic service. In addition, copies were served by Email and U.S. Mail upon the following:

| | |
|---|---|
| Griffin S. Dunham<br>DUNHAM HILDEBRAND, PLLC<br>1704 Charlotte Avenue, Suite 105<br>Nashville, TN 37203<br>griffin@dhnashville.com | Jerry P. Spore<br>William J. Hardegree<br>SPRAGINS, BARNETT & COBB, PLC<br>312 E. Lafayette Street<br>P.O. Box 2004<br>Jackson, TN 38302-2004<br>jpspore@spraginslaw.com<br>wjh@spraginslaw.com |
| Karen P. Dennis<br>Office of the United States Trustee<br>200 Jefferson Avenue, Suite 400<br>Memphis, TN 38103<br>Karen.P.Dennis@usdoj.gov | United States Department of Agriculture, Rural Development<br>Tennessee State Office<br>Attn: Dan Beasley, Assistant to the State Director<br>3322 West End Avenue, Suite 300<br>Nashville, TN 37203<br>Dan.Beasley@tn.usda.gov |
| United States Department of Agriculture, Rural Development<br>Union City Area Office<br>Attn: Joel Howard, Area Director<br>1216 Stad Avenue, Suite 3<br>Union City, TN 38261<br>joel.howard@tn.usda.gov | |

*/s/ Michael G. Abelow*
Michael G. Abelow