# EXHIBIT 1

## ASSET PURCHASE AGREEMENT

This Asset Purchase Agreement (Agreement) is made effective as of January 11, 2018, between Replogle Harwood Flooring Company, LLC, a Tennessee limited liability company, Replogle Enterprises, G.P, a Tennessee general partnership, Giles Nathan Replogle, an individual resident of the State of Tennessee, and Betty Carroll Replogle, an individual resident of the State of Tennessee (collectively, the "Sellers") and FHL Industries, LLC, a Tennessee limited liability company (the "Purchaser").

## RECITALS

WHEREAS, for convenience, Replogle Hardwood Flooring Company, LLC and Replogle Enterprises, G.P. are sometimes referred to as the "Company Sellers."

WHEREAS, for convenience, Giles Nathan Replogle and Betty Carroll Replogle are sometimes referred to as the "Individual Sellers."

WHEREAS, the United States Bankruptcy Court for the Western District of Tennessee (the Court) entered an Order dated December 19, 2017 (DE # 76 in Case No. 17-12172) in the case of the Company Sellers, and an Order December 28, 2017 (DE # 50 in Case No. 17-12183) in the case of the Individual Sellers, which Orders and underlying motions are incorporated by reference.

WHEREAS, FHL Industries, LLC is the assignee of Fox Hardwood Company, LLC for purposes of the purchases contemplated by the Orders.

WHEREAS, Sellers desire to transfer and deliver to Purchaser all of their right, title and interest to their personal property, including, without limitation: (1) Equipment, Inventory and FF&E as defined in the Orders and underlying Motions; (2) all personal property of the Individual Sellers used in the operation of the Company Sellers, including, without limitation, all personal property located at the real property to be leased or acquired by Purchaser or a related party even if such personal property is not listed on the Exhibits; (3) all of the Company Sellers' accounts, cash, receivables, insurance proceeds, rents, warranties, intellectual property, logos, telephone numbers, mail addresses, website addresses/rights, and other such assets (collectively, the "Personal Property"). The Personal Property includes, but is not limited to, those items set forth on Exhibit A and Exhibit B attached hereto. Specifically excluded from Personal Property shall be the items set forth on Exhibit C attached hereto.

NOW, THEREFORE, in consideration of the premises and other good and valuable consideration, the receipt of which is hereby acknowledged, Purchaser and Sellers hereby undertake and agree as follows:

1. Recitals. The foregoing recitals are incorporated by reference.

2. Sale and Transfer. In consideration of payment of $500,000 allocated for the equipment used in the new sawmill line and $400,000 for the balance of the Personal Property as set forth on Exhibit D, Sellers hereby sell, transfer and convey to Purchaser all of Sellers' right, title and interest to the Personal Property, free and clear of all liens, encumbrances, and claims of any nature whatsoever. Sellers covenant that they are, between them, lawfully seized of all

Personal Property transferred hereunder. The amounts due and payable by Purchaser hereunder shall be paid by wire transfer to the trust account of Company Sellers' attorney Philip Young at the Thompson Burton law firm.

3.    <u>No Liabilities</u>.  For the avoidance of doubt, Purchaser assumes no liabilities of Sellers.  All such liabilities of Sellers shall remain with Sellers and/or their respective bankruptcy estates.

4.    <u>Cooperation</u>.  Sellers will cooperate in the orderly transition of the operations of the Company Sellers to Purchaser.  This includes cooperating in the transfer of physical space, equipment, phone numbers, mail box addresses, accounts receivable, cash, books and records, emails, websites, bank accounts, bills, vendor communications, employee records, intellectual property, other operational items, and the like.

5.    <u>Release by Sellers</u>.  Sellers, on behalf of themselves and their agents, parents, affiliates, subsidiaries, employees, members, partners, successors, and assigns hereby release Purchaser and its agents, parents, affiliates, subsidiaries, employees, members, partners, successors, and assigns, including Fox Hardwood Lumber Company, LLC and Tommy Fox, from any claims, costs, expenses, charges, causes of action or any other liability related to any matters occurring prior to the date hereof.

6.    <u>Release by Purchaser.</u>    Purchaser, on behalf of itself and its  agents, parents, affiliates, subsidiaries, employees, members, partners, successors, and assigns hereby releases Sellers and their agents, parents, affiliates, subsidiaries, employees, members, partners, successors, and assigns, including from any claims, costs, expenses, charges, causes of action or any other liability related to any matters occurring prior to the date hereof.

7.    <u>Complete Agreement</u>.  This Asset Purchase Agreement and the Lease and potential purchase of the Individual Sellers' real property to an affiliate of Purchaser constitute the complete agreement between the parties.  They contain the entire understanding of the parties and/or their affiliates, and they merge and supersede all prior and/or contemporaneous agreements and understandings between the parties and/or their affiliates, written or oral.  There are no restrictions, agreements, promises, warranties, covenants, or undertakings between the parties and/or their affiliates other than those expressly set forth herein.  This Agreement may be amended only by a written instrument duly executed by all parties or their respective heirs, successors, permitted assigns, or legal or personal representatives.

8.    <u>Waivers</u>. The terms, covenants, representations, warranties, and conditions of this Agreement may be waived only by a written instrument executed by the party waiving compliance. The failure of any party at any time to require performance of any provision hereof shall, in no manner, affect the right at a later date to enforce the same.  No waiver by any party of any condition, or breach of any provision, term, covenant, representation, or warranty contained in this Agreement, whether by conduct or otherwise, in any one or more instances, shall be deemed to be or construed as a further or continuing waiver of any such condition or of the breach of any other provision, term, covenant, representation, or warranty of this Agreement.

9.     <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of Tennessee.

10.     <u>Attorneys' Fees</u>.  In the event of a dispute between the parties related to this Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees, expenses, and costs.  Nothing contained herein shall be construed to alter the inclusion of attorneys' fees, expenses, and costs in otherwise indemnifiable losses, as provided herein.

11.     <u>Construction</u>. Any reference to Sellers shall include any one of them, one but less then all of them, or all of them.   The singular shall include the plural, and vice versa.  And shall include or, and vice versa. This Agreement shall not be interpreted against any party. Each Party has had the opportunity to review this Agreement with counsel of their choice.

12.     <u>Successors and Assigns</u>. This Agreement shall inure to the benefit of and shall be binding upon the parties hereto and their respective successors and assigns.

13.     <u>Execution</u>. This document may be executed in counterparts which, when taken together, shall constitute one and the same document.  Execution of this document may be evidenced by facsimile signature and/or PDF signature, each of which shall be deemed an original for all purposes.

14.     <u>Headings</u>. The section and paragraph headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

15.     <u>Severability</u>.  In the event that any provision of this Agreement, or the application thereof to any person or circumstance, is held by a court of competent jurisdiction to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision of this Agreement, or the application of the invalid, illegal, or unenforceable provision to any other person or circumstance, and this Agreement shall then be construed as if such invalid, illegal, or unenforceable provision had not been contained in this Agreement, but only to the extent of such invalidity, illegality, or unenforceability.

[SIGNATURE PAGE TO FOLLOW]

SIGNATURE PAGE TO ASSET PURCHASE AGREEMENT.

IN WITNESS WHEREOF, Seller and Purchaser have caused this Asset Purchase Agreement to be executed as of the date first above written.

PURCHASER:    FHL Industries, LLC
a Tennessee limited liability company

By: _____

Its: _____

SELLER:    Replogle Hardwood Flooring Company, LLC,
a Tennessee corporation

By: _____

Replogle Enterprises, GP,
a Tennessee general partnership

By: _____

_____
Giles Nathan Replogle

_____
Betty Carroll Replogle

834359.3    04866-042                    4

# EXHIBIT A

## Included in Company Sellers' conveyance of personal property

| SCHEDULE A/B EXHIBIT - NON REAL ESTATE ASSETS | |
|---|---|
| 1985 USAF MC5 DIESEL AIR COMPRESSOR IR P-250-W-D-M0595, DEUT7F4L912HO | 1800.00 |
| 1995 WHITE GMC DAY CAB WET KIT 4V1VDBJG5SN687419EF 9132 MI | 4350.00 |
| 2001 INTL EAGLE PRO SLEEPER 2HSCHAMR61CO11767, EF 10 SPEED, 9900I DET 60, 12.7L | 8500.00 |
| 2008 VOLVO DD13 L6 12.8L 425 HP 4V4NC9EH38N499301 10 SP 340K | 24450.00 |
| 311 STENNER 2 HEAD BAND SAW 105, GANG , 20' CONVEYOR MISSING BELT, 12' INFEED, STACKER, STACKER, CONVEYOR | 12500.00 |
| 318 PRECISION GRINDER 4811 CHIPPER MISSING PEDS, W MECHANICAL VIBRATING CONVEYOR, BLOWER | 32500.00 |
| 69 FRUEHAUF MULCH TRAILER FG28-FZ-40 HPK-153320 | 800.00 |
| 74 GINDY TRAILER FF2S400A61 112151E | 800.00 |
| 74GD TRAILER 731T43 66590 | 800.00 |
| 77 FRUEHAUF FG8-F2-45 CHY-247163 | 1450.00 |
| 78 BUD TRAILER YF2S400A5C 160899E | 1250.00 |
| 78 LOG TRAILER 1905 OWENS EQUIP OOS | 650.00 |
| 79 GD VAN TRAILER 611T-45 B14897 | 1450.00 |
| 79 MILLER SSV-33-45-SSWW 79-0246-161 | 1250.00 |
| 87 WALKING FLOOR TRAILER 1BBW8STT45000001 | 4500.00 |
| 90 GRATE DANE FPWS-248-FKL FLAT BED MM023001 | 2850.00 |
| 94 UTILITY FLAT BED FS20CHAE 1UUFS2483SA308908 | 3850.00 |
| AC 200HP ELECTRIC MOTOR | 225.00 |
| ACOM TRAILER UNK MULCH | 800.00 |
| BALDOR PEDESTAL GRINDER 532 | 45.00 |
| BARKO 160A | 3500.00 |
| BARKO 275B TRM 19059 | 9000.00 |
| BEAR TRACKER 4WIR 2 WD YAMAHA | 1200.00 |
| BELL INDUSTRIES F500 SAW SHARPENER | 85.00 |
| BELL SKIDDER OOS NDT | 4250.00 |
| BLUE MULCH MACHINE | 4250.00 |
| BONEYARD, 45' FLATBED, LOADER BUCKET, DOZER BLADE, GRAVEL BLADE., TANKER TRUCK, KILN DEBARKER, ROPS, | 6500.00 |

| Item | Amount |
|---|---|
| BONEYARD, BARKO B160 , BARKO B160, LOG TRAILER , CHEVY BUS, FREIGHTLINER DUMP TRUCK, CHEVY FUEL TRUCK, NISSAN 90 LIFT, INT HARV BOOM TRUCK, HUSKY LOG LOADER, HUSKY LOG LOADER, IH SKIDDER, PROGRAMED 2000, INTL TRANSTAR II CABOVER, GALION GRADER, FLINER CAB, RUNNING GEAR, INTL 4900, INTL 1800 FLATBED, FORD F250 SERVICE TRUCK, CAT 160B, CAT 750B, JD 648E | 12500.00 |
| CAT EL300 4NE00828 GRAPPLE | 14000.00 |
| CUSTOM ROLLING CART FOR GEARS STEEL | 145.00 |
| CUSTOM ROLLING CART FOR GEARS STEEL | 145.00 |
| DEWALT RIP SAW MODEL GE | 325.00 |
| DEWALT RIP SAW MODEL GE | 325.00 |
| DIEHL SL50 RIPSAW OOS | 1850.00 |
| DUST COLLECTION SYSTEM AND TRUCK LOADER | 18500.00 |
| ESAB POWERCUT 875 | 550.00 |
| FIAT ALLIS 150C MOTOR GRATER | 2300.00 |
| FORD 600 FUEL TRUCK F600CEB43165 | 2200.00 |
| FORD SUPER D SERVICE TRUCK DSL 2FDLF47M6KCB23725 | 1250.00 |
| FRUEHAUF FB9-F2-40 MULCH TRAILER MAJ-139725 | 800.00 |
| FRUEHAUF MULCH TRAILER FBZ9-FZ-40 MAY-525050 | 800.00 |
| GREEN SCRAG MILL MEASURING SYSTEM W FEEDS OOS | 8250.00 |
| GROVE MZ66B MANLIFT | 2250.00 |
| HASKO HSEM 23345BB END MATCHING MACHINE | 6250.00 |
| HASKO HSEM 9714503 END MATCHING MACHINE | 6250.00 |
| HUSKY BRUTE XL-245 | 12500.00 |
| INLT OIL TRUCK | 4650.00 |
| INTL DUMP 96 2HSFHAER3TCO11109 9400 EF 8 SP, 787K DUMP | 9800.00 |
| INTL LOADSTAR 1600 OOS | 850.00 |
| INTL TRANSTAR EAGLE 4300 OOS WRECK | 800.00 |
| KOHLER GENERATOR 45R82 | 1450.00 |
| LAWSON STACKER OOS H82 TILT HOIST | 8500.00 |
| LF TRAILER UNK | 2500.00 |
| LOG TRAILER C14 25427959 | 2200.00 |
| LOG TRAILER UNK L16 | 1200.00 |
| MACHINIST STAND | 45.00 |
| MCDONOUGH M600-1 RESAW BAND SAW | 2200.00 |
| MCDONOUGH M600-1 RESAW BAND SAW | 2200.00 |
| MCLAIN EZ PACK WALK FLOOR TRAILER BENT FRAME | 2500.00 |
| MEREEN JOHNSON 431 ARBOR GANG RIPSAW | 18500.00 |
| MILLER 1A VERTICAL COOLER | 175.00 |
| MILLER SYNCROWAVE 300 | 375.00 |
| MISC. MOTORS, FEEDS, COMPRESSORS, TRANSFORMERS, POWER SUPPLIES, GRINDERS, BLOWERS, DUST COLLECTION | 10000.00 |

| Item | Value |
|---|---|
| MISC. OOS TRANSFORMERS, SHAPERS, BLOWERS MOTOR RIPPERS, SPACERS, CROWNS,  BARR-MULLIN WS, PILGRIM 18X80 LATHE, DELTA RIP SAW 4UNITS, WEINIG U17DL, OLIVER STRAIT O PLANE, POWER FEED 2 UNITS, CUT OFF SAW OPTIMAL, DISC FLO BLOWER 2 UNITS | 3200.00 |
| MOTOR AND PUMP | 65.00 |
| MULCH TRAILER UNK | 800.00 |
| OLIVER 170 PLANER 208024 170-1311 L OOS | 3200.00 |
| OOS 648G DEERE | 3200.00 |
| OOS IH TRUCK WITH FUEL TANK | 1250.00 |
| PEDESTAL FAN | 35.00 |
| PEDESTAL FAN | 35.00 |
| PEER LF TRAILER 1PLE04228PPD1300G | 5500.00 |
| PETE SLEEPER J119843 | 7500.00 |
| PORTABLE STEEL DOCK | 1850.00 |
| SCHURMAN 10DAG 60 GANG SAW | 3200.00 |
| SCRAG MILL BIG ORANGE UNK MAKE POSSIBLY COOPER | 6500.00 |
| STEEL FRAME ALUMINUM DECK FB TRAILER 451 007913 TRANSCRAFT EAGLE | 6500.00 |
| TRAILMOBILE MULCH TRAILER  138057 | 1250.00 |
| V4 TRAILER UNK | 800.00 |
| V4 TRAILER UNK | 800.00 |
| V4 TRAILER UNK FRUEHAUF MULCH | 800.00 |
| WALK FLOOR TRAILER FRUEHAUF | 3250.00 |
| WEINIG SHARPENER R929 RONDOMAT | 1250.00 |
| WEINIG UNIMAT 17A MOLDER  OOS | 1800.00 |

# Exhibit B
## FF&E

Furniture, fixtures, equipment, office and janitorial supplies that are used in connection with Seller's business and located at 9875 Highway 79 South, Henry, Tennessee 38231, 2030 Lumber Road Henry, Tennessee (or other addresses used by Company Sellers).

# Exhibit C
# Excluded Assets

Personal property of Individual Sellers listed under "personal assets" beginning on p. 21 of Docket No. 12 in Case No. 17-12183.

# Exhibit D

## Purchase Price Allocation

| | |
|---|---|
| New Sawmill Equipment | $500,000.00 |
| Other Equipment | $182,190.86 |
| Inventory | $50,547.72 |
| Cash | $31,696.42 |
| Accounts Receivable | $125,565.00 |
| Goodwill | $5,000.00 |
| Intellectual Property | $5,000.00 |

834359.4   04866-042